UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK FENDER and
AIG AMERICAN INTERNATIONAL
LIFE INS. CO. OF NEW YORK,

        Petitioners,

                              CASE NO. 12-cv-10823
v.                                  HON. DENISE PAGE HOOD

STATE TREASURER,
ARENAC COUNTY, and
HEIDI WASHINGTON,

        Respondents.
_____/

## ORDER DISMISSING THE HABEAS CORPUS PETITION, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

### I. INTRODUCTION

    Petitioner Patrick Fender is a state prisoner currently confined at a state facility in Jackson, Michigan. He has filed a *pro se* complaint for the writ of habeas corpus. The complaint and exhibits indicate that Petitioner is completely disabled due to a work-related accident that occurred before his incarceration. In 1981, an annuity was created for his benefit. Pursuant to a structured settlement annuity with AIG American International Life Assurance Company of New York, Petitioner began receiving monthly payments of $4,573.17 on October 1, 1981.

    During Petitioner's incarceration in 2008, the Michigan State Treasurer filed a complaint in Arenac County Circuit Court pursuant to the State Correctional Facility Reimbursement Act, Mich. Comp. Laws § 800.401, *et seq*. The complaint sought to apply

90% of Petitioner's assets toward reimbursing the State for the cost of caring for Petitioner during his incarceration. Arenac County moved to intervene in the civil action, seeking reimbursement for the costs of caring for Petitioner in the county jail.

On February 4, 2009, Arenac County Circuit Judge Ronald M. Bergeron granted the State and County's requests for reimbursement of the cost of caring for Petitioner while he was confined in state and county facilities. Judge Bergeron granted summary disposition in favor of the County and awarded the County reimbursement in the amount of $19, 105.97 for its support and care of Petitioner while he was confined in the county jail. Judge Bergeron awarded the State $4,115.85 or 90% of each monthly life contingent payment of $4,573.17. Judge Bergeron awarded Petitioner 10% or $457.32 of each monthly life contingent payment, commencing with the March 1, 2009 payment and continuing until Petitioner's death or the termination of his incarceration, whichever occurred first. Judge Bergeron further ordered that, upon termination of Petitioner's incarceration, he would receive the entirety of each life contingent payment at issue.

Petitioner alleges in his habeas complaint that he has not been receiving monthly payments consisting of 10% portion of his annuity. He claims that the State Treasurer breached the annuity contract and should be held in contempt of court for not ensuring that he receives 10% of his annuity. Petitioner also claims that Judge Bergeron's award of money to Arenac County should be reversed and that state officials should be charged with racketeering. Finally, Petitioner seeks to be exonerated of all criminal charges and released from prison.

## II. DISCUSSION

Although Petitioner purports he is seeking release from prison, he is not challenging

a conviction or sentence.[1] His primary allegation is that his annuity agreement has been breached. "It is clear, not only from the language of [28 U.S.C.] §§ 2241(c)(3) and 2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release – the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy." *Id*. at 494.

Petitioner is seeking monetary relief. He is also challenging Judge Bergeron's judgment in the Arenac County civil case by alleging that Judge Bergeron's order reimbursing Arenac County should be reversed. At a minimum, this aspect of Petitioner's complaint is barred by the *Rooker-Feldman* doctrine, which "prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (*per curiam*) (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005)). The Court also has no authority to issue a writ of mandamus directing Judge Bergeron how to perform his official duties. *Haggard v. Tennessee,* 421 F.2d 1384, 1386 (6th Cir. 1970) (citing *Clark v. Washington*, 366 F.2d

---

[1] Petitioner has challenged his state conviction in a separate habeas corpus petition, which is currently pending before this Court. *See Fender v. Washington*, No. 2:10-cv-14604 (E.D. Mich Nov. 18, 2010).

678 (9th Cir. 1966), and *Campbell v. Washington State Bar Ass'n*, 263 F. Supp. 991 (W.D. Wash. 1967)).

Petitioner's claims fall outside the core of habeas corpus because he is not challenging the fact or duration of his physical imprisonment. Therefore, his petition for the writ of habeas corpus [docket entry 1, Feb. 23, 2011] is summarily **DISMISSED**. This dismissal is pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which authorizes District Courts to summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ."

The Court declines to issue a certificate of appealability because reasonable jurists would not find it debatable whether the Court's procedural ruling is correct or whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court denies leave to proceed *in forma pauperis* on appeal because an appeal could not be take in good faith. 28 U.S.C. § 1915(a)(3).

      S/Denise Page Hood
      Denise Page Hood
      United States District Judge

Dated: July 31, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2012, by electronic and/or ordinary mail.

      S/LaShawn R. Saulsberry
      Case Manager